```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


MYRANDA H.,¹                            3:20-cv-01442-BR

         Plaintiff,                     OPINION AND ORDER

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

         Defendant.


GEORGE J. WALL
825 N.E. 20th Avenue
Suite 330
Portland, OR 97232
(503) 236-0068

         Attorney for Plaintiff

SCOTT ASPHAUG
Acting United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021
```

---

¹ In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1  -  OPINION AND ORDER

**WILLY LE**
Acting Regional Chief Counsel
**JEFFREY E. STAPLES**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3706

       Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Myranda H. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the Commissioner's decision and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for SSI on January 26, 2018, alleging a disability onset date of January 1, 2018.  Tr. 158-65.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a

---

[1] Citations to the official transcript of record filed by the Commissioner on April 16, 2021, are referred to as "Tr."

2  - OPINION AND ORDER

hearing on October 11, 2019.  Tr. 35-63.  At the hearing Plaintiff amended her alleged onset date to January 26, 2018.  Tr. 43.  Plaintiff was represented by an attorney at the hearing and Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on December 6, 2019, in which he found Plaintiff was not disabled, and, therefore, Plaintiff was not entitled to benefits.  On July 7, 2020, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on October 26, 1978, and was 40 years old at the time of the hearing.  Tr. 158.  Plaintiff has a GED.  Tr. 372.  Plaintiff does not have any past relevant work experience.

Plaintiff alleges disability due to bipolar disorder and post-traumatic stress disorder (PTSD).  Tr. 176.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

**I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). *See also Keyser v. Comm'r of*

*Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(c).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's RFC.  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite limitations.  20 C.F.R. § 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

6 - OPINION AND ORDER

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work the claimant has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff did not engage in substantial gainful activity after her January 26, 2018, amended alleged onset date.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of depression and anxiety.  Tr. 17.  The ALJ found Plaintiff's HIV, "clipped aneurysm," and headaches are nonsevere.

7  -  OPINION AND ORDER

Tr. 18.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff has the RFC to "a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple, repetitive, routine tasks with no more than occasional contact with the general public." Tr. 22.

At Step Four the ALJ found Plaintiff does not have any past relevant work experience. Tr. 28.

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy. Tr. 28. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed at Step Two to address Plaintiff's bipolar disorder; (2) found at Step Two that Plaintiff's headaches are not severe; (3) failed at Step Three to include Plaintiff's bipolar disorder and headaches in his assessment of Plaintiff's RFC; and (4) partially rejected the opinion of treating psychologist Renata Ackerman, Ph.D.[2]

---

[2] Because the Court concludes the ALJ erred in at Steps Two and Three and remands for further proceedings consistent with this Opinion and Order, the Court does not address Plaintiff's allegation of error related to the rejection of Dr. Ackerman's opinion.

8  -  OPINION AND ORDER

**I.   Step Two**

Plaintiff asserts the ALJ erred at Step Two when he failed to address Plaintiff's bipolar disorder and when he found Plaintiff's headaches are not severe.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. §§ 416.921(a), (b).  Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting.  *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . .  [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

9  -  OPINION AND ORDER

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted). The "step-two inquiry " is 'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).

### A.  Bipolar Disorder

Plaintiff asserts the ALJ erred when he failed to address Plaintiff's bipolar disorder at Step Two. At most, the ALJ may have included bipolar disorder as one of Plaintiff's unspecified impairments when he found at Step Two that "other symptoms and complaints appear in the medical treatment records periodically but there is nothing to show that they are more than transient or cause significant vocational limitations. Any such impairment is not a severe medically determinable impairment because no objective acceptable medical documentation supports such a finding." Tr. 18. Although the ALJ specifically found Plaintiff's depression and anxiety did not meet or equal Listings, he did not reference Plaintiff's bipolar disorder. To the extent that the ALJ concluded Plaintiff's bipolar disorder is a "transient" symptom or does not "cause significant vocational limitations," the Court finds those conclusions are not supported by the record. For example, medical providers diagnosed Plaintiff with bipolar disorder as early as 2011. Tr. 378. In addition, Plaintiff's treating psychologist stated she did not

10 - OPINION AND ORDER

believe Plaintiff is able to be gainfully employed due to "persistent and long term mental health issues" including bipolar disorder that causes her to have depressive moods, elevated moods, mood instability, and other issues that have persisted despite treatment since before Plaintiff's amended alleged onset date.  Tr. 988.  Thus, the record reflects Plaintiff's bipolar disorder is more than minimal.  Accordingly, to the extent that the ALJ determined Plaintiff's bipolar disorder did not pass the "*de minimis* screening device to dispose of groundless claims" at Step Two, the Court concludes that finding is not supported by substantial evidence in the record.  *See Edlund*, 253 F.3d at 1158 (quoting *Smolen*, 80 F.3d at 1290).

In addition, although the ALJ included impairments of depression and anxiety at Step Two, Plaintiff points out that the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) explains the symptomology of bipolar disorder differs from that of depression and/or anxiety.  For example, the listing for bipolar disorder can be met using criteria such a pressured speech, distractibility, an increase in goal-directed activity, or psychomotor agitation, none of which are present in the listings for depression or anxiety.  *See* 20 C.F.R. part 404, subpart P, app. 12.04, 12.06.  The ALJ's findings regarding depression and/or anxiety, therefore, may not be indicative of limitations Plaintiff experiences as a result of bipolar

11 - OPINION AND ORDER

disorder.

Accordingly, on this record the Court concludes the ALJ erred at Step Two when he either failed to consider Plaintiff's bipolar disorder or considered Plaintiff's bipolar disorder and found it is not severe.

**B.   Headaches**

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two if the ALJ considered the impairments when formulating his assessment of Plaintiff's RFC.  *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).  *See also Buck v. Berryhill*, No. 14-35976, 2017 WL 3862450, at *5 (9th Cir. 2017) ("[S]tep two was decided in [the plaintiff's] favor after both hearings.  He could not possibly have been prejudiced.  Any alleged error is therefore harmless and cannot be the basis for a remand.")(citation omitted).

At Step Two the ALJ considered Plaintiff's headaches and noted although Plaintiff complained of headaches she also told providers on several occasions after her amended alleged onset date that her headaches were responsive to medication and much improved.  *See, e.g.,* Tr. 309, 841, 872, 934, 943, 947.  The

ALJ also noted reviewing physicians Lloyd Wiggins, M.D., and Neal Berner, M.D., did not find Plaintiff's headaches are a medically determinable impairment.  Tr. 18.

As noted, the ALJ resolved Step Two in Plaintiff's favor.  In addition, the ALJ considered Plaintiff's headaches and concluded they are not a severe impairment.  The Court, therefore, concludes on this record that the ALJ did not err when he failed to find at Step Two that Plaintiff's headaches are a severe impairment.

## II.  Step Three

Plaintiff asserts the ALJ erred at Step Three when he failed to include all of Plaintiff's limitations in his assessment of Plaintiff's RFC.

The Court has already concluded the ALJ erred when he failed to consider Plaintiff's bipolar disorder or considered Plaintiff's bipolar disorder and found it to be nonsevere.  The Court, therefore, also concludes the ALJ erred when he failed to include any of Plaintiff's limitations in his assessment of Plaintiff's RFC that might have resulted from Plaintiff's bipolar disorder.

## **REMAND**

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely

utility of further proceedings.  *See, e.g.*, *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012).  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  The Ninth Circuit has established a three-part test for determining when evidence should be credited and an immediate award of benefits directed.  *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).  The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *See, e.g.*, *Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

    Here further administrative proceedings are necessary for the ALJ to evaluate Plaintiff's bipolar disorder at Step Two, to formulate an assessment of Plaintiff's RFC that includes Plaintiff's limitations related to her bipolar disorder, and to determine whether Plaintiff is disabled.  Accordingly, the Court remands this matter to the Commissioner for further administrative proceedings.

14 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 28 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 24th day of May, 2022.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge

15 - OPINION AND ORDER